In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-12-00490-CV**
_____

**CHRISTUS ST. ELIZABETH HOSPITAL, Appellant**

**V.**

**DOROTHY GUILLORY, Appellee**

**On Appeal from the County Court at Law No. 1**
**Jefferson County, Texas**
**Trial Cause Number 119806**

**OPINION**

In this interlocutory appeal, we are asked to decide whether an expert report is required under the provisions of the Texas Medical Liability Act where the plaintiff, a hospital visitor and not a patient, files a suit seeking to recover for injuries that allegedly occurred when the plaintiff slipped and fell on water that was on the floor of a hallway. *See* Tex. Civ. Prac. & Rem. Code Ann. §

1

51.014(a)(9) (West Supp. 2012), § 74.351(a) (West 2011).[1] After the hospital requested that the trial court dismiss the case based on the plaintiff's failure to timely file an expert report, the trial court denied the hospital's motion. We conclude that plaintiff's claims against the hospital are not health care liability claims under the Texas Medical Liability Act. *See id.* § 74.001(a)(13) (West Supp. 2012) (defining the term "health care liability claim"). We hold that the trial court properly denied the hospital's motion to dismiss, and we affirm the trial court's order.

## Background

After visiting her husband in the intensive care unit, located on the second floor of Christus Health Southeast Texas,[2] Dorothy Guillory slipped in a liquid on the floor of the hallway near the nurse's station. Claiming that the hospital's employees "negligently permitted the floor to become slippery and wet,

---

[1] Under the Texas Medical Liability Act, "'[h]ealth care liability claim' means a cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care, which proximately results in injury to or death of a claimant, whether the claimant's claim or cause of action sounds in tort or contract." Tex. Civ. Prac. & Rem. Code Ann. § 74.001(a)(13) (West Supp. 2012).

[2] The hospital was initially named in Guillory's original petition as Christus St. Elizabeth Hospital. In Christus's answer, Christus stated that its name is Christus Health Southeast Texas, and that it did business as Christus Hospital—St. Elizabeth. Guillory's second amended complaint named Christus Health Southeast Texas, d/b/a Christus Hospital—St. Elizabeth as the defendant.

2

negligently or willfully allowed such condition to continue[,] and negligently or willfully failed to warn [Guillory] of the condition of the floor[,]" Guillory filed suit and sought to recover for her injuries that resulted from the fall. Guillory later filed her Second Amended Original Petition, her live pleading,[3] and claimed that the hospital had negligently failed to maintain the floor in a reasonably safe condition, failed to adequately warn her of the floor's unsafe condition, and failed to adequately light the area where she fell.

Christus did not file a motion to dismiss until the Texas Supreme Court decided *Texas West Oaks Hospital, LP v. Williams*, 371 S.W.3d 171 (Tex. 2012), which construes the term "safety," a component of the phrase "health care liability claim." *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.001(a)(13). In its motion to

---

[3]During the hearing on the hospital's motion to dismiss, the trial court allowed Guillory to amend her First Amended Original Petition. The trial court stated that it would allow the amendment to clarify any ambiguity in Guillory's pleadings and to allow Guillory's pleadings to reflect that Guillory was not asserting a health care liability claim. During the hearing, the hospital did not object to the trial court's granting Guillory leave to amend her pleadings, even though the amendment occurred after the hearing. Eight days after Guillory amended her complaint, the trial court signed an order denying the hospital's motion to dismiss. The hospital has not complained on appeal that the trial court allowed Guillory to amend her pleadings, and the hospital has not relied on the allegations in Guillory's prior petitions to argue that Guillory asserted a health care liability claim against the hospital. Given the procedural history of this case and the arguments of the parties, we resolve whether Guillory asserted a health care liability claim against the hospital based on the allegations in Guillory's Second Amended Original Petition without deciding whether Christus could have claimed that the allegations in Guillory's original petition triggered her duty to file an expert report under the Texas Medical Liability Act. *See* Tex. R. App. P. 33.1(a).

3

dismiss, Christus alleged that Guillory was required, but failed, to file an expert report "critical of [the hospital's] hallway maintenance and safety measures[.]" *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a) (requiring an expert report to be served in cases involving a "health care liability claim[]" on or before the 120th day after the claim is filed). Guillory responded to the hospital's motion, asserting that she had not filed a health care liability claim against the hospital. Guillory's response explains that, on the day Guillory fell, she was a visitor and was not on Christus's premises to receive treatment.

After conducting a hearing on the hospital's motion, the trial court signed an order denying Christus's motion to dismiss. Subsequently, Christus filed an interlocutory appeal. In one issue, the hospital asserts that Guillory's Second Amended Petition asserts a "health care liability claim" under the Texas Medical Liability Act because it alleges that Christus departed from accepted standards of safety.

Discussion

The Texas Supreme Court has not yet addressed whether a garden-variety premises case involving a visitor's slip-and-fall is a "health care liability claim" as defined by the Texas Medical Liability Act. *See id.*, § 74.001(a)(13). In cases involving similar facts, two of our sister courts have reached opposite conclusions with respect to whether an expert report is required in a case brought by a visitor

4

who fell due to the condition of a common area of the hospital's premises. *Compare Doctors Hosp. at Renaissance, Ltd. v. Mejia*, No. 13-12-00602-CV, 2013 Tex. App. LEXIS 9633 (Tex. App.—Corpus Christi Aug. 1, 2013, pet. filed) (mem. op.) (affirming the trial court's order that denied a hospital's motion to dismiss a case brought by the plaintiff, a visitor who fell on the waxed floor of a walkway, where the plaintiff failed to file an expert report), *with Ross v. St. Luke's Episcopal Hosp.*, No. 14-12-00885-CV, 2013 Tex. App. LEXIS 2796 (Tex. App.—Houston [14th Dist.] March 19, 2013, pet. filed) (affirming the trial court's order dismissing a case where the plaintiff, a visitor who fell in the hospital's lobby, failed to file an expert report).

The question of whether a particular claim falls under the expert report requirements of the Texas Medical Liability Act is a question of law; as a result, we review the trial court's ruling under a de novo standard. *West Oaks,* 371 S.W.3d at 177; *Marks v. St. Luke's Episcopal Hosp.*, 319 S.W.3d 658, 663 (Tex. 2010). In *West Oaks*, the Texas Supreme Court stated that "our focus in determining whether claims come under the TMLA is not the status of the claimant, but the gravamen of the claim or claims against the health care provider." *West Oaks*, 371 S.W.3d at 178. The *West Oaks* Court further explained that the term "claimant," as defined under the Texas Medical Liability Act, "expands the breadth of [health care liability claims] beyond the patient population." *Id*.

5

In *West Oaks*, the plaintiff suffered an injury caused by a patient who, due to the patient's mental condition, required increased supervision by the hospital's staff. *Id.* at 181. Because the hospital's relationship with the patient was material and significant to the plaintiff's allegations against the hospital, the *West Oaks* Court concluded that the expert report requirements of the Texas Medical Liability Act applied, holding that the claim in that case was "based on claimed departures from accepted standards of health care." *Id*. at 181. Although the Court in *West Oaks* gave the phrase "health care liability claim" a broad meaning, the plaintiff's allegations in *West Oaks* included alleged departures from the applicable standards that applied to a facility treating patients for mental conditions. *Id.*

In our opinion, no nexus exists between the claims Guillory asserts in her Second Amended Original Petition and the hospital's duties of providing healthcare. Guillory did not allege that Christus had departed from any accepted standards of health care. Instead, the gravamen of Guillory's petition is that the hospital breached standards of ordinary care to a visitor present in a common area of the hospital, a duty that is no different than the duties imposed on other businesses that permit visitors to be present on their premises.

More recently, in *Psychiatric Solutions, Inc. v. Palit*, 56 Tex. Sup. Ct. J. 946, 2013 Tex. LEXIS 598 (Tex. Aug. 23, 2013), the Texas Supreme Court held that a claim that falls under the Texas Medical Liability Act requires a nexus between the

plaintiff's injury and the alleged violation of an accepted standard of health care. *Id*. at \*7 ("[B]ecause Palit's allegations implicate a standard of care that requires expert testimony to prove or refute it, his claim is an HCLC."). While the need to have an expert report that articulates a medical standard is not a litmus test in determining whether a claim is a health care liability claim, Guillory will not need a physician or health care provider to create jury issues on her claim that the hospital was negligent in failing to properly clean, inspect, or light its hallway. *See Murphy v. Russell,* 167 S.W.3d 835, 838 (Tex. 2005) ("The fact that in the final analysis, expert testimony may not be necessary to support a verdict does not mean the claim is not a health care liability claim."). Christus also failed to direct the trial court or to direct us to any health care standards governing a hospital's maintenance or lighting of its halls or buildings.

We conclude that Guillory has not alleged that Christus departed from any standard that is pertinent to accepted standards of health care; therefore, Guillory has not asserted a health care liability claim against Christus under the Texas Medical Liability Act. We hold the trial court did not err in denying the hospital's motion to dismiss, and we affirm the trial court's order.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on June 6, 2013
Opinion Delivered November 14, 2013
Before McKeithen, C.J., Kreger and Horton, JJ.