*336 JACK CARTER, Justice,
dissenting.
In March 2013, this Court held that when a worker trips and falls on a mound of concrete on a health-care facility premises, the ensuing negligence claim is not even indirectly related to health care. Good Shepherd Med. Ctr.-Linden, Inc. v. Twilley, 422 S.W.3d 782 (Tex.App.-Texarkana 2013, pet. denied). Now, the majority holds that when a worker slips and falls on a puddle of water inside the health-care facility, the negligence claim involves health care, and the employee must file a medical expert report. I am not sure what has changed in a few months. The purported distinction is that the nursing home is governed by regulations for “housekeeping services” and presumably regarding safely mopping floors. When looked at from a common sense and practical standpoint, the distinction evaporates and the majority opinion violates our own precedent.
This case, like several others, presents nothing more than a “garden variety” premises liability claim. The simple fact that Morrison fell on a wet floor located in a nursing home does not mean, as the majority postulates, that her injury claim is one for health-care liability. Doctors Hosp. at Renaissance, Ltd. v. Mejia, No. 13-12-00602-CV, 2013 WL 4859592, at ”1-3 (Tex.App.-Corpus Christi Aug. 1, 2013, pet. filed) (affirming trial court’s denial of hospital’s motion to dismiss where hospital visitor fell on waxed floor of walkway and visitor failed to file expert report). Like the Corpus Christi court, the Beaumont Court of Appeals has also determined that a garden-variety premises liability case is not a health-care liability claim under the Texas Medical Liability Act (TMLA). In Christus St. Elizabeth Hospital v. Guillory, 415 S.W.3d 900 (Tex.App.-Beaumont 2013, no pet. h.), the Beaumont court held that a negligence claim against the hospital stemming from injuries sustained when Gulliory, a hospital visitor, slipped and fell in liquid on the floor in the common area of the hospital was not a HCLC under the TMLA. Id. at 901. The court noted that “no nexus exists between the claims Guillory asserts in her ... Petition and the hospital’s duties of providing healthcare.” Id. at 902.
More recently, the Dallas court held that a safety claim completely unrelated to health care does not fall within the ambit of Chapter 74 in Baylor University Medical Center v. Lawton, No. 05-13-00188-CV, — S.W.3d -,-, 2013 WL 6163859, at **3-4 (Tex.App.-Dallas Nov. 25, 2013, no pet. h.). In that case, Lawton sued Baylor for workplace injuries allegedly sustained when she breathed sewage and chemical fumes from raw sewage that backed up into showers and sinks on the floor where she was working as a nurse. Id. at-, at *1. In determining Lawton’s claim was not one for health-care liability under Chapter 74, the court found that her alleged injury was “unrelated to the provision of health care to the patient population or to anyone else,” Id. at-, at *2, reasoning that “‘[i]f every safety claim against a health care provider were considered a health care liability claim, there would be no need to analyze the nature of the acts or omissions which caused the alleged injuries.’ ” Id. at-, at *3 (quoting Twilley, 422 S.W.3d at 788).
I am not the only one who believes the Twilley case precedent controls this case. A few days ago, the Fort Worth court adopted the reasoning of Twilley and held that falling on a puddle of water in a hospital was not even indirectly related to health care or safety and did not require an expert report. (“We find the Texar-kana court’s reasoning in Twilley to be persuasive, sound, and applicable to the case before us.”) Weatherford Tex. Hosp. *337 Co. v. Smart, 423 S.W.3d 462, 467 (Tex.App.-Fort Worth 2014).[11]
The majority opinion states that the injury occurred as a result of the nursing home’s actions in attempting to keep the premises safe and clean for its residents; consequently, the opinion reasons Morrison’s claim is related to health care. The undisputed evidence is that the fall occurred in a room where Morrison was retrieving towels. Morrison referred to this as the “shower room,” but clearly the event did not occur in a shower stall. Morrison testified that when she left the room, she saw the housekeeper “in the shower mopping the inside of the shower.” As she was leaving the room, she fell. Is it a material distinction that she stepped into a room and fell as opposed to walking in the hallway and slipping in a puddle of water? Of course the nursing home should maintain both the rooms of its facility and the halls in a clean and safe manner so the residents can enjoy the facility. Likewise, as in Twilley, the nursing home should attempt to keep the premises free from mounds of concrete for the benefit of its residents who walk on the property. Is it important that the slip and fall occurred inside the building rather than outside or occurred in a room instead of a few feet away in a hallway? Is this the basis for allowing one person to have a day in court and denying it to another? The law needs to attempt to make sense.
To conclude that the simple act of mopping the floor equates to the provision of “health care” defies logic and common sense. Mopping a floor to keep it clean is not an act unique to nursing homes or health-care providers. Grocery stores, convenience stores, shopping malls, restaurants, and myriad other businesses ensure that business premises are mopped and cleaned. Many reasons exist for mopping floors including aesthetics and preventing deterioration of flooring material. “In enacting a statute, it is presumed that a just and reasonable result is intended.” Tex. Gov’t Code Ann. § 311.021(3) (West 2013). To interpret the act of mopping the floor as falling within the realm of “health care” in order to arrive at the desired result that an ordinary slip-and-fall claim is a healthcare liability claim is neither reasonable nor just.
We are to look to “the nature of the acts or omissions causing claimants’ injuries” in determining whether a claim is one for health-care liability. Williams, 371 S.W.3d at 176. The acts or omissions alleged here are simply that a janitor left water on the floor after cleaning it. This Court has previously held that “[t]he simple fact that an injury occurred on a health care provider’s premises is not enough” to bring a cause of action under the legislated scope of the TMLA. Twilley, 422 S.W.3d at 788. Like tripping on concrete, as in Twil-ley, slipping on a waxed floor, as in Mejia, and slipping in a water puddle, as in Weatherford and Guillory, the present case does not fall within the category of safety claims even indirectly related to health care.
*338 I agree with the Corpus Christi, Dallas, Beaumont, Fort Worth, and San Antonio courts as well as our opinion in Twilley and would find that this simple slip and fall case is governed by the traditional law of premises liability rather than the TMLA. This Court correctly stated the law in Twilley. Other courts have relied on it. We should follow our own precedent.
It is also plain that to require Morrison to obtain an expert report from one qualified to present such a report under the Act would be an exercise in futility. See Tex. Civ. Prac. & Rem.Code Ann. § 74.402 (West 2011). While the need for an expert report that articulates the standard of care is not a litmus test in determining whether a claim is a HCLC, medical expertise is not required to explain why someone might slip and fall in water left on the floor. See Murphy v. Russell, 167 S.W.3d 835, 838 (Tex.2005). To produce an expert report from one who practices in the proper health-care field would require that some medical doctor testify on the proper method of mopping floors. Tex. Civ. Prac. & Rem.Code Ann. § 74.402(b)(1).
Here, this worker is told that even though no worker’s compensation benefit is available, she has no other remedy.[12] She cannot have her day in court because she did not obtain an expert report from a medical doctor on the proper application of a wet mop to a floor — an impossible condition to meet. And, oh yes, she, the injured employee with no recourse, must pay for her employer’s attorneys’ fees and court costs.
I respectfully dissent.

. Apparently, the word has been given to file motions to dismiss in every slip and fall case at or near a health-care facility in Texas. The appellate opinions on this subject are being released faster than I can keep up with them. Now, I find the San Antonio court has been persuaded by our Twilley opinion together with others that a premise liability claim at a health-care facility is not included in the TMLA. Methodist Healthcare Sys. of San Antonio v. Dewey, 423 S.W.3d 516 (Tex.App.-San Antonio 2014, no pet.) (visitor in hospital injured by electronic door). The San Antonio court specifically stated that even though the Twilley case involved an employee, not a visitor, “the analysis is comparable under the circumstances of those cases.”

. If workers' compensation benefits are provided, that is the employee’s exclusive remedy against her employer. Tex. Lab.Code Ann. § 408.001(a) (West 2006).