**AFFIRM; and Opinion Filed May 14, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01307-CV

**METHODIST HOSPITALS OF DALLAS, Appellant**
**V.**
**DIANA GARCIA, Appellee**

**On Appeal from the 191st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 12-06882-J**

## MEMORANDUM OPINION

Before Justices Moseley, Lang, and Brown
Opinion by Justice Brown

In this interlocutory appeal, Methodist Hospitals of Dallas appeals the trial court's order denying its motion to dismiss Diana Garcia's claim against it pursuant to Chapter 74 of the civil practice and remedies code. Methodist maintains Garcia's claim is a health care liability claim and that her failure to file an expert report requires dismissal. Because we conclude Garcia's claim is not a health care liability claim, we affirm the trial court's order.

In her original petition filed June 22, 2012, Garcia sued Methodist as a result of injuries she allegedly sustained when an elevator malfunctioned in one of Methodist's hospitals. Garcia, who was at the hospital to visit her daughter who worked there, allegedly injured her neck and back when an elevator fell from the second floor to the first floor. Her pleadings asserted Methodist was negligent in failing to: 1) follow proper safety standards; 2) properly maintain its equipment; 3) provide adequate personnel to maintain a safe environment; 4) provide proper

training and control of its agents, employees, or others acting on its behalf; and 5) maintain a safe environment for its guests/employees.

On July 10, 2013, Methodist filed a motion to dismiss Garcia's claim pursuant to Chapter 74. Methodist argued that Garcia's claim was a health care liability claim, and therefore she was required to file an expert report within 120 days of filing her original petition and failed to do so. After a hearing on this issue, the trial court denied Methodist's motion to dismiss in a September 25, 2013 order. This interlocutory accelerated appeal followed.

In its sole issue, Methodist contends the trial court abused its discretion in denying the motion to dismiss. It asserts that because Garcia has alleged departures from accepted standards of safety, her claim meets the definition of a "health care liability claim" under Chapter 74 and an expert report was required. We review this issue of statutory construction de novo. *Baylor Univ. Med. Ctr. v. Lawton*, No. 05-13-00188-CV, 2013 WL 6163859, at *1 (Tex. App.—Dallas Nov. 25, 2013, pet. filed).

At the time Garcia filed her lawsuit, section 74.351 of the civil practice and remedies code provided:

> In a health care liability claim, a claimant shall, not later than the 120th day after the date the original petition was filed, serve on each party or the party's attorney one or more expert reports . . . for each physician or health care provider against whom a liability claim is asserted.[1]

Act of May 18, 2005, 79th Leg., R.S., ch. 635, 2005 Tex. Gen. Laws 1590 (amended 2013) (current version at TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a) (West Supp. 2013)). Chapter 74 defines a "health care liability claim" as:

> [A] cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or *safety* or professional or administrative services directly related

---

[1] For lawsuits commenced on or after September 1, 2013, the operative date for filing an expert report is "not later than the 120th day after the date each defendant's original answer is filed." TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a).

to health care, which proximately results in injury to or death of a claimant, whether the claimant's claim or cause of action sounds in tort or contract.

TEX. CIV. PRAC. & REM. CODE ANN. § 74.001(a)(13) (West Supp. 2013) (emphasis added).

Methodist relies on the supreme court's opinion in *Texas West Oaks Hospital, LP v. Williams.* In *Williams*, the court concluded that a claim against a health care provider or physician involving a departure from accepted standards of safety need not be directly related to the provision of health care. 371 S.W.3d 171, 186 (Tex. 2012). The claim in *Williams*, however, had an indirect relationship to health care. *See id.* at 175, 192-93 (after he was injured in altercation with psychiatric patient, hospital employee alleged hospital failed to provide safe workplace because it did not properly train him to work with potentially violent patients). This Court and other courts of appeals have determined that *Williams* does not encompass safety claims that are "completely untethered" from health care. *Lawton*, 2013 WL 6163859, at *3 (hospital employee's claim she was injured as result of raw sewage backing up into showers and sinks was not health care liability claim); *see, e.g., Doctors Hosp. at Renaissance, Ltd. v. Mejia*, No. 13-12-00602-CV, 2013 WL 4859592, at *2 (Tex. App.—Corpus Christi Aug. 1, 2013, pet. filed) (mem. op.) (visitor's slip and fall at hospital not health care liability claim); *Good Shepherd Med. Ctr.-Linden, Inc. v. Twilley*, 422 S.W.3d 782, 788 (Tex. App.—Texarkana 2013, pet. denied) (medical center employee's claims based on fall from ladder and tripping on hardened cement not health care liability claims). Thus, although a safety claim need not have a direct relationship with health care, an indirect relationship with health care is required. *See Mejia*, 2013 WL 4859592, at *2.

There is nothing in our record to show Garcia's claim has even an indirect relationship to health care. Garcia was at the hospital to visit her daughter when she was allegedly injured in an elevator. Her claim is completely untethered from health care. The mere fact that the alleged injuries occurred at a hospital is insufficient to transform Garcia's ordinary negligence claim into

a health care liability claim. *See Loaisiga v. Cerda*, 379 S.W.3d 248, 256-57 (Tex. 2012). Accordingly, the trial court did not err in denying Methodist's motion to dismiss. We resolve Methodist's sole issue against it.

We affirm the trial court's order denying Methodist's motion to dismiss.

/Ada Brown/
ADA BROWN
JUSTICE

131307F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

METHODIST HOSPITALS OF DALLAS, Appellant

No. 05-13-01307-CV      V.

DIANA GARCIA, Appellee

On Appeal from the 191st Judicial District Court, Dallas County, Texas
Trial Court Cause No. 12-06882-J.
Opinion delivered by Justice Brown.
Justices Moseley and Lang participating.

In accordance with this Court's opinion of this date, the trial court's September 25, 2013 order denying METHODIST HOSPITALS OF DALLAS'S motion to dismiss is **AFFIRMED**.

It is **ORDERED** that appellee DIANA GARCIA recover her costs of this appeal from appellant METHODIST HOSPITALS OF DALLAS.

Judgment entered this 14th day of May, 2014.

/Ada Brown/

ADA BROWN
JUSTICE