In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-14-00227-CV
_____

BAPTIST HOSPITALS OF SOUTHEAST TEXAS, Appellant

V.

SHERRY GAIL MCCOY, Appellee

On Appeal from the 58th District Court
Jefferson County, Texas
Trial Cause No. A-194,893

## MEMORANDUM OPINION

In this interlocutory appeal, Baptist Hospitals of Southeast Texas asks that we revisit our decision in *Christus St. Elizabeth Hospital v. Guillory*, 415 S.W.3d 900 (Tex. App.—Beaumont 2013, pet. filed), in which we held that a garden-variety slip-and-fall case involving a visitor on the hospital's premises was not a health care liability claim requiring an expert report, a report required in cases subject to the Texas Medical Liability Act (TMLA). *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(9) (authorizing an interlocutory appeal from a trial court's

1

ruling regarding whether an expert report is required in cases governed by the TMLA), § 74.001(a)(13) (defining the term "[h]ealth care liability claim" under the Act), § 74.351(a) (explaining requirements in serving an expert report under the TMLA) (West Supp. 2014). We hold that the trial court properly denied the hospital's motion to dismiss, and we affirm the trial court's order.

While at Baptist Hospital visiting a patient, Sherry Gail McCoy slipped and fell on food that she alleges had been spilled on the floor. McCoy sued the hospital, alleging the hospital was aware of the hazard and should have either cleaned the food from the floor or warned her of the hazard. Approximately five months after McCoy sued, Baptist asked the trial court to dismiss McCoy's suit. The motion to dismiss alleges that McCoy had failed to serve the hospital with an expert report within 120 days of the date it had answered. Although the hospital's motion notes our decision in *Guillory*, it alleged the decision "ignored the Supreme Court analysis of the requirements for a claim of departure from safety standards." However, the hospital never directed the trial court nor has it directed this Court to any health care standards governing a hospital's maintenance of its floor.

In McCoy's response to the hospital's motion, McCoy asserted that no nexus exists between the standards governing her claim and accepted standards of health care. According to McCoy's response, her claim has nothing to do with healthcare,

2

but rather arises from the responsibilities the hospital has as a landlord. McCoy's response also states that when she fell, she was "not a patient, nor was she at the [hospital] seeking medical care."

The trial court, relying on our opinion in *Guillory*, denied the hospital's motion; the hospital appealed. In its appeal, the hospital contends that *Guillory* was wrongly decided. But, for the same reasons that we fully explained in *Guillory*, a garden-variety slip-and-fall case where the health care provider failed to show that the case implicated safety standards applying to health care, McCoy's claims as pled do not implicate health care standards. *Guillory*, 415 S.W.3d at 902-03. In McCoy's case, McCoy's claim does not appear to be a health care liability claim governed by the TMLA and the hospital failed to show that the gravamen of McCoy's claim implicates health care standards. *Id*. at 902. Based on the allegations of McCoy's complaint and the information in her response, the duty the hospital owed to McCoy while she was at the hospital is no different than the duty imposed on other businesses that allow visitors to enter their premises.

We conclude that McCoy's complaint did not allege that Baptist departed from standards pertinent to acceptable standards of health care; therefore, McCoy has not asserted a health care liability claim under the TMLA against the hospital.

We hold the trial court did not err in denying Baptist's motion to dismiss, and we affirm the trial court's order.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on October 2, 2014
Opinion Delivered October 16, 2014

Before McKeithen, C.J., Horton and Johnson, JJ.