**Affirmed and Opinion Filed November 10, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00375-CV

**METHODIST HOSPITALS OF DALLAS D/B/A METHODIST DALLAS MEDICAL CENTER AND METHODIST HEALTH SYSTEM, Appellants**

**V.**

**DEBORAH SEARCY, Appellee**

**On Appeal from the County Court at Law No. 4**
**Dallas County, Texas**
**Trial Court Cause No. CC-13-05112-D**

## MEMORANDUM OPINION

Before Justices Francis, Myers, and Thomas[1]
Opinion by Justice Francis

In this interlocutory appeal, Methodist Hospitals of Dallas d/b/a Methodist Dallas Medical Center and Methodist Health System appeal the trial court's order denying their motion to dismiss Deborah Searcy's slip-and-fall claim. Appellants contend Searcy's claim is a health care liability claim subject to the requirements of Chapter 74 of the Texas Civil Practice and Remedies Code and her failure to file an expert report mandates dismissal. Because we conclude Searcy's claim is not a health care liability claim, we affirm the trial court's order.

On August 28, 2013, Searcy sued appellants alleging she was injured when she slipped and fell on a wet floor outside the labor and delivery area at the hospital on North Beckley

---

[1] The Honorable Linda Thomas, Chief Justice of the Court of Appeals for the Fifth District of Texas–Dallas, Retired, sitting by assignment.

Avenue in Dallas. At the time, Searcy was visiting her daughter who was in labor. She alleged appellants were negligent in (1) failing to properly inspect and maintain the flooring area in question to discover the dangerous condition, (2) failing to maintain the floor in a reasonably safe condition, (3) failing to give adequate and understandable warnings to her of the floor's unsafe condition, (4) failing to give warnings to her of the unsafe condition, (5) removing a wet floor sign when it was unsafe to do so, (6) removing a wet floor sign even though the floor in question was still wet, (7) not properly eliminating water on the floor after mopping same, and (8) mopping the floor despite knowledge the area could still be accessed by patients and/or hospital guests.

After more than 120 days had passed, appellants filed a motion to dismiss based on Searcy's failure to serve expert reports in compliance with section 74.351 of the civil practice and remedies code. Appellants contended Searcy's claim was a health care liability claim governed by the statute. Searcy filed a response in which she argued her claim was a "garden-variety slip and fall case" and does not implicate the statute. After a hearing, the trial court agreed with Searcy and denied appellants' motion to dismiss. This appeal followed.

In their sole issue, appellants argue the trial court abused its discretion in denying the motion to dismiss. They contend that because Searcy's petition alleged departures from accepted standards of safety, her claim met the definition of a "health care liability claim" as defined in Chapter 74 and an expert report was therefore required. We review this issue of statutory construction de novo. *Baylor Univ. Med. Ctr. v. Lawton*, No. 05-13-00188-CV, 2013 WL 6163859, at *1 (Tex. App.—Dallas Nov. 25, 2013, pet. filed); *Methodist Hosps. of Dallas v. Garcia*, 05-13-01307-CV, 2014 WL 2003121, at *1 (Tex. App.—Dallas May 14, 2014, no pet.) (mem. op).

At the time Searcy filed her petition, section 74.351 of the civil practice and remedies code provided:

> In a health care liability claim, a claimant shall, not later than the 120th day after the date the original petition was filed, serve on each party or the party's attorney one of more expert reports . . . for each physician or health care provider against whom a liability claim is asserted.

Act of May 18, 2005, 79th Leg., R.S., ch. 635, 2005 Tex. Gen. Laws 1590 (amended 2013) (current version at TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a) (West Supp. 2014).[2]

> Chapter 74 defines a "health care liability claim" as:

> [A] cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or *safety* or professional or administrative services directly related to health care, which proximately results in injury to or death of a claimant, whether the claimant's claim or cause of action sounds in tort or contract.

TEX. CIV. PRAC. & REM. CODE ANN. § 74.001(a)(13) (West Supp. 2014) (emphasis added).

In their brief, appellants rely primarily on the Texas Supreme Court's opinion in *Texas West Oaks Hospital, LP v. Williams*, 371 S.W.3d 171 (Tex. 2012), to support their position that Searcy has alleged a breach of accepted standards of "safety." In *Williams,* the supreme court concluded that a claim against a health care provider or physician involving a departure from accepted safety standards need not be directly related to health care. 371 S.W.3d at 186. There, the claim involved an employee's allegations that the hospital failed to provide a safe workplace because it did not properly train him to work with potentially violent patients and he was ultimately injured in an altercation with a psychiatric patient. *Id*. at 175. Thus, the hospital employee's claim had an indirect relationship to healthcare. *See id*. at 175, 192–93.

---

[2] For lawsuits commenced on or after September 1, 2013, the operative date for filing an expert report is "not later than the 120th day after the date each defendant's original answer is filed." TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a).

This Court has since determined *Williams* does not encompass safety claims that are "completely untethered" from health care. *See Lawton*, 2013 WL 6163859, at \*3. In *Lawton*, a hospital employee sued the hospital alleging she was injured as a result of raw sewage backing up into showers and sinks. We concluded that unlike the claim in *Williams,* the worker's claim did not have an indirect relationship to health care and therefore did not fall within the ambit of Chapter 74. *Lawton*, 2013 WL 6163859, at \*3.

Since *Lawton*, this Court has addressed whether a hospital visitor's claim for injuries was a health care liability claim. *See Garcia*, 2014 WL 2003121. In *Garcia*, a woman went to the hospital to visit her daughter who worked there and allegedly injured her neck and back when an elevator fell from the second floor to the first floor. 2014 WL 2003121, at \*1. This Court concluded the claim did not have "even an indirect relationship to health care," noting that just because the injuries occurred in a hospital was not sufficient "to transform Garcia's ordinary negligence claim into a health care liability claim." *Id.* at \*2.

We find *Garcia* indistinguishable from the case before us. Nothing in the record shows Searcy's claim has even an indirect relationship to health care. Searcy was visiting her daughter, who was a patient at the hospital, when she allegedly slipped and fell on a wet floor. Her claim is completely untethered from health care; consequently, it is not subject to Chapter 74. *See Doctor's Hosp. at Renaissance, Ltd. v. Mejia*, No. 13-12-00602-CV, 2013 WL 4859592, at \*2 (Tex. App.—Corpus Christi Aug. 1, 2013, pet. filed) (mem. op.) (visitor's slip and fall at hospital not health care liability claim). We conclude the trial court did not err in denying appellants' motion to dismiss. We overrule the sole issue.

We affirm the trial court's order denying appellants' motion to dismiss.


140375F.P05

/Molly Francis/
MOLLY FRANCIS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

METHODIST HOSPITALS OF DALLAS
D/B/A METHODIST DALLAS MEDICAL
CENTER AND METHODIST HEALTH
SYSTEM, Appellants

No. 05-14-00375-CV        V.

DEBORAH SEARCY, Appellee

On Appeal from the County Court at Law
No. 4, Dallas County, Texas
Trial Court Cause No. CC-13-05112-D.
Opinion delivered by Justice Francis;
Justices Myers and Thomas participating.

In accordance with this Court's opinion of this date, the trial court's Order Denying Defendants' Motion To Dismiss is **AFFIRMED**.

It is **ORDERED** that appellee DEBORAH SEARCY recover her costs of this appeal from appellants METHODIST HOSPITALS OF DALLAS D/B/A METHODIST DALLAS MEDICAL CENTER AND METHODIST HEALTH SYSTEM.

Judgment entered November 10, 2014.