

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00399-CV

COLUMBIA MEDICAL CENTER OF
DENTON SUBSIDIARY, LP;
COLUMBIA MEDICAL CENTER OF
DENTON SUBSIDIARY, LP D/B/A
DENTON REGIONAL MEDICAL
CENTER; COLUMBIA NORTH
TEXAS SUBSIDIARY GP, LLC; AND
DENTON REGIONAL MEDICAL
CENTER

APPELLANTS

V.

WANDA BRAUDRICK

APPELLEE

----------

FROM THE 16TH DISTRICT COURT OF DENTON COUNTY

----------

## MEMORANDUM OPINION[1]

----------

---

[1]*See* Tex. R. App. P. 47.4.

This is an interlocutory appeal from an order denying a motion to dismiss for failure to file an expert report pursuant to the Texas Medical Liability Act (TMLA). *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 74.001–.507 (West 2011 & Supp. 2013). In one issue, Appellants Columbia Medical Center of Denton Subsidiary, L.P.; Columbia Medical Center of Denton Subsidiary, L.P. d/b/a Denton Regional Medical Center; Columbia North Texas Subsidiary GP, LLC; and Denton Regional Medical Center (collectively, Columbia Medical Center) claim Appellee Wanda Braudrick was required to file an expert report pursuant to section 74.351(a) of the civil practice and remedies code, and therefore, the trial court erred by denying Columbia Medical Center's motion to dismiss. *See id.* § 74.351(a), (b). We affirm the trial court's order.

**Background**

Braudrick stepped in a hole while walking on a median in a parking lot at Columbia Medical Center and fell. According to Braudrick, she was not a patient at Columbia Medical Center at the time of her fall. Braudrick brought negligence and premises liability causes of action against Columbia Medical Center. She did not serve Columbia Medical Center with an expert report pursuant to section 74.351(a). *See id.* § 74.351(a).

Columbia Medical Center filed a motion to dismiss, asserting that Braudrick's claims were health care liability claims, and thus, Braudrick was required to file an expert report pursuant to section 74.351(a). *See id.* The trial

court denied the motion, and Columbia Medical Center perfected this interlocutory appeal.  *See id.* § 51.014(a)(10) (West Supp. 2013).

**Analysis**

In a single issue, Columbia Medical Center claims the trial court erred by denying its motion to dismiss because Braudrick's negligence and premises liability claims are "health care liability claims," and therefore, Braudrick was required to file an expert report pursuant to section 74.351(a) of the civil practice and remedies code.  *See id.* §§ 74.001(a)(13), 74.351(a), (b).

> The TMLA defines a "health care liability claim" as
>
> a cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care, which proximately results in injury to or death of a claimant, whether the claimant's claim or cause of action sounds in tort or contract.

*Id.* § 74.001(a)(13).  Thus, a health care liability claim has three elements: (1) the defendant is a health care provider or physician; (2) the claim at issue concerns treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care; and (3) the defendant's alleged act or omission proximately caused the injury.  *Loaisiga v. Cerda*, 379 S.W.3d 248, 255 (Tex. 2012); *see* Tex. Civ. Prac. & Rem. Code Ann. § 74.001(a)(13).  In this case, it is undisputed that Columbia Medical Center is a health care provider and that Braudrick contends her injuries resulted from acts

3

or omissions by Columbia Medical Center. Therefore, we only need to determine the second element, i.e., whether Braudrick's causes of action are "for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, health care, or safety or professional or administrative services directly related to health care."[2] *See Loaisiga*, 379 S.W.3d at 255.

In support of her negligence claim, Braudrick alleged Columbia Medical Center breached its duty of ordinary care because it "failed to keep a proper lookout for [Braudick's] safety," "failed to instruct its employees to investigate and repair holes in the parking lot grounds," and "failed to post signs warning of the unreasonable danger." And in support of her premises liability claim, Braudrick alleged that Columbia Medical Center breached its duty of ordinary care by "allowing an unsafe condition to exist" and by "failing to maintain a safe walking area for its customers." Columbia Medical Center asserts that because Braudrick's claims arise out of Columbia Medical Center's alleged departures from accepted standards of safety, they are health care liability claims subject to the expert report requirements of the TMLA. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.001(a)(13).

---

[2]Columbia Medical Center asserts that we must also determine whether Braudrick is a "claimant" under the TMLA. "'Claimant' means a person, including a decedent's estate, seeking or who has sought recovery of damages in a health care liability claim." Tex. Civ. Prac. & Rem. Code Ann. § 74.001(a)(2). Our determination of whether Braudrick is "claimant" depends upon our determination of whether Braudrick's claims are health care liability claims under the TMLA. *See id.*

4

In support of its argument that Braudrick's claims are health care liability claims, Columbia Medical Center primarily relies on the supreme court's decision in *Texas West Oaks Hosp., L.P. v. Williams*, 371 S.W.3d 171, 186 (Tex. 2012). In *Williams*, which involved a health care employee's claim against his health care provider employer for injuries arising out of inadequate training, supervision, risk-mitigation, and safety, the supreme court determined that the TMLA does not require that a claimant be a patient of the health care provider for the claimant's claim to fall under the TMLA and that a claim based upon alleged departures from accepted safety standards need not be directly related to health care to be a health care liability claim. *Id.* at 174, 183–86. Columbia Medical Center argues that because under *Williams*, "safety" claims against health care providers "need not be directly related to the provision of health care" in order to qualify as health care liability claims, Braudrick's negligence and premises liability claims are health care liability claims. *See id.* at 186.

Recently, this court addressed *Williams* and its application to a safety-related complaint against a health care provider in *Weatherford Texas Hospital Co., LLC v. Smart*, 423 S.W.3d 462 (Tex. App.—Fort Worth 2014, pet. filed). *Smart* involved a claim by a hospital visitor who slipped on a puddle of water in a hospital lobby and fell. *Id.* at 463. This court held that there must be some connection, even indirect at best, between a safety claim and the provision of health care for the claim to fall under the TMLA's health care liability claim definition. *Id.* at 467. This court determined that because the gravamen of

5

Smart's claim was a slip and fall, it was "totally unrelated to the provision of heath care services and [was] not controlled by the 'directly related' language of *Williams*." *Id.* at 467–68.

We conclude that the gravamen of Braudrick's causes of action against Columbia Medical Center is a premises liability claim. Because we are bound to follow our own precedent, we must arrive at the same conclusion that we reached in *Smart*: Braudrick's allegations against Columbia Medical Center are "totally unrelated to the provision of health care services" and are "not controlled by the 'directly related' language of *Williams*." *See Id.* This is also consistent with the majority of our sister courts that have addressed this issue. *See Methodist Healthcare Sys. of San Antonio, Ltd., LLP v. Dewey*, 423 S.W.3d 516, 516, 519–20 (Tex. App.—San Antonio 2014, pet. filed) (following *Lawton*, *Guillory*, *Mejia*, and *Twilley* to hold that Dewey's "garden-variety slip and fall case," which occurred while he was visiting a patient and was knocked to the ground when an electronic door closed on him, was not a health care liability claim under TMLA); *Baylor Univ. Med. Ctr. v. Lawton*, No. 05-13-00188-CV, 2013 WL 6163859, at *1–2, *4 (Tex. App.—Dallas Nov. 25, 2013, pet. filed) (following *Twilley* to hold that nurse's claim against hospital-employer for workplace injuries suffered due to sewage backup and maintenance chemicals was not a health care liability claim because it was unrelated to the provision of health care); *Christus St. Elizabeth Hosp. v. Guillory*, 415 S.W.3d 900, 902–03 (Tex. App.—Beaumont 2013, pet. filed) (concluding that "garden-variety premises case

6

involving a visitor's slip-and-fall" was not a health care liability claim under TMLA and involved a duty "no different than the duties imposed on other businesses that permit visitors to be present on their premises"); *Doctors Hosp. at Renaissance, Ltd. v. Mejia*, No. 13-12-00602-CV, 2013 WL 4859592, at *1, *3–4 (Tex. App.—Corpus Christi Aug. 1, 2013, pet. filed) (mem. op.) (following *Twilley* to conclude that Mejia's "garden variety" slip-and-fall premises liability claim, which occurred while she was visiting a patient and slipped and fell on hospital's freshly waxed walkway, was not a health care liability claim because there was no indirect relationship between this claim and health care); *Good Shepherd Med. Ctr.-Linden, Inc. v. Twilley*, 422 S.W.3d 782, 783–85, 789 (Tex. App.— Texarkana 2013, pet. denied) (holding that negligence claims by hospital employee against hospital based on two on-the-job falls were not health care liability claims because there was no indirect relationship between this claim and health care, which was required under *Williams*). *But see E. Tex. Med. Ctr. Reg'l Health Care Sys. v. Reddic*, No. 12-13-00107-CV, 2014 WL 1056795, at *3, *4 (Tex. App.—Tyler Mar. 19, 2014, pet. filed) (op. on reh'g) (following *Ross* and concluding that plaintiff's slip-and-fall on wet mat in hospital lobby was a health care liability claim as "at the very least, Reddic's claims have a strong indirect relationship to the safe provision of health care for patients" because patients need floors free of hazards); *Mem'l Hermann Hosp. Sys. v. Galvan*, No. 14-13-00120-CV, 2014 WL 295166, at *1, *5, *7, *9 (Tex. App.—Houston [14th Dist.] Jan. 28, 2014, no pet. h.) (holding that visitor's slip-and-fall on water in hospital

7

hallway was a health care liability claim because according to *Williams*, "health care liability claims based upon alleged departures from accepted safety standards must involve an alleged departure from standards for protection from danger, harm, or loss, but need not involve an alleged departure from standards that involve health care or are directly or indirectly related to health care"); *Ross v. St. Luke's Episcopal Hosp.*, No. 14-12-00885-CV, 2013 WL 1136613, at *1–2 (Tex. App.—Houston [14th Dist.] Mar. 19, 2013, pet. filed) (mem. op.) (concluding that visitor's slip-and-fall on hospital property was a health care liability claim after noting that, instead of distinguishing her claim from *Williams,* visitor "argue[d] simply that [the] court should ignore *Williams*" without attempting to distinguish her claim).

We hold that Braudrick's negligence and premises liability claims against Columbia Medical Center are not health care liability claims. Consequently, Braudrick is not a "claimant" under the TMLA and was not required to serve Columbia Medical Center with a section 74.351 expert report. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 74.001(a)(2), 74.001(a)(13), 74.351(a). Accordingly, we overrule Columbia Medical Center's sole issue.

**Conclusion**

Having overruled Columbia Medical Center's sole issue, we affirm the trial court's order.

/s/ Anne Gardner
ANNE GARDNER
JUSTICE

PANEL:  DAUPHINOT, GARDNER, and MEIER, JJ.

DELIVERED:  May 22, 2014