**DENY; and Opinion Filed January 9, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00020-CV

### IN RE RICHARD K. ARCHER, SR., Relator

**Original Proceeding from the 298th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-12-08161**

## MEMORANDUM OPINION

Before Justices Lang, Fillmore, and Brown
Opinion by Justice Fillmore

This petition for writ of mandamus arises in a case involving a vehicular accident in which the driver of the vehicle in which real party in interest was traveling allegedly struck one or more cows. Relator requests that this Court order the trial court to rule on his motion to dismiss the case for failure to file an expert witness report under chapter 74 of the Texas Civil Practice and Remedies Code before proceeding to trial. We deny the petition.[1]

Relator is a retired medical doctor. He was first named a party in the suit when the real party in interest, who was a passenger in the vehicle, amended his petition to assert the doctor owned the cattle, was responsible for fencing the property from which the cattle ostensibly

---

[1] The Texas Rules of Appellate Procedure include specific requirements concerning the form and content of a petition for writ of mandamus and relator's petition does not comply with those requirements. *See* TEX. R. APP. P. 52.3. Relator does not certify his petition as required by rule 52.3(j). Although this deficiency alone constitutes sufficient reason to deny mandamus relief, in the interest of judicial economy, we address relator's contention the trial court improperly failed to rule on his motion.

escaped, and was negligent in installing and maintaining the fencing around the property.[2] There are no allegations in the pleadings that in any way suggest relator provided any health care service to the real party in interest. *See DHS Mgmt. Servs., Inc. v. Castro*, 435 S.W.3d 919, 922 (Tex. App.—Dallas 2014, no pet.) ("To fall within the ambit of the legislated scope of the TMLA, the conduct at issue must relate in some way to the provision of health care. Otherwise, every ordinary negligence claim against a physician or health care provider would be a health care liability claim."). Nevertheless, notwithstanding the apparent merit of a motion, a trial court abuses its discretion if it fails to rule within a reasonable time on a motion that has been properly presented to the court. *In re Amir-Sharif*, 357 S.W.3d 180, 181 (Tex. App.—Dallas 2012, orig. proceeding).

The chapter 74 motion to dismiss was filed on October 1, 2014. The mandamus record shows that two days after relator filed the chapter 74 motion, relator forwarded a proposed order of dismissal to the trial judge, but the letter forwarding the proposed order did not request a hearing on the motion and also did not request a ruling without a hearing. On January 5, 2014, relator's counsel appeared in the trial court for a pretrial conference in the case, purportedly in accordance with the scheduling order in the case, which provided "Pretrial conference – 1 week before trial," but which apparently also had not been set with the trial court by either party. Relator avers his counsel arrived in the trial court on the morning on January 5, 2015 "with the specific intent of urging [the] Motion to Dismiss and [the] Motion for Continuance." The mandamus record does not, however, reflect that relator had provided notice of a hearing to opposing counsel as mandated by the rules of civil procedure and the local rules. *See* TEX. R. CIV. P. 21(b) ("An application to the court for an order and notice of any hearing thereon, not

---

[2] The real party in interest subsequently amended his petition to assert these same claims against the doctor's wife, who is a nurse, and various related parties.

presented during a hearing or trial, must be served upon all other parties not less than three days before the time specified for the hearing, unless otherwise provided by these rules or shortened by the court."); DALLAS (TEX.) CIV. DIST. CT. LOC. R. 2.11 ("A party who sets for hearing any motion or other matter must serve written notice of such setting on all parties, with a copy to the Clerk of the Court, within one business day of receipt of such setting."). Relator contends the judge's staff advised his counsel on the date he appeared for the pretrial conference "nothing was set for this case for January 5, 2015 or any other day that week" and that no setting for his motion was available prior to the trial date.

A court is not required to consider a motion that has not been properly called to its attention. *In re Davidson*, 153 S.W.3d 490, 491 (Tex. App.—Amarillo 2004, orig. proceeding); *Metzger v. Sebek*, 892 S.W.2d 20, 49 (Tex. App.—Houston [1st Dist.] 1994, writ denied). The duty to procure a hearing rests on the moving party, not upon the trial judge. *Bolton's Estate v. Coats*, 608 S.W.2d 722, 729 (Tex. Civ. App.—Tyler 1980, writ ref'd n.r.e.). A judge's failure to set a motion for hearing, when not asked to make such a setting, is not an abuse of discretion. *Calaway v. Gardner*, 525 S.W.2d 262, 264 (Tex. Civ. App.—Houston [14th Dist.] 1975, no writ); *see also Chancellor v. Jamail*, No. 01-85-00698-CV, 1986 WL 14382, at *3 (Tex. App.— Houston [1st Dist.] Dec. 18, 1986, no writ) (not designated for publication). *Cf. Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding) (trial court abused its discretion in refusing to hear discovery motion where mandamus record showed relator had sent two letters to court coordinator requesting a hearing be set on its motion, had contacted court coordinator several times and court coordinator refused to set motion for hearing, and judge explicitly refused on record to rule). Similarly, the trial court cannot be faulted for being unable to schedule relator's motion for hearing on less than a week's notice once relator's counsel actually sought a setting of the motion or for failing to rule without a hearing within the

few days the trial court has had since the relator made his desire for a hearing known. *See In re Chavez*, 62 S.W.3d 225, 228-29 (Tex. App.—Amarillo 2001, orig. proceeding) (among factors that determine reasonableness of the trial court's action on motion are state of court's docket and existence of other judicial and administrative matters which must be addressed first).

Nothing in the mandamus record in this case suggests the trial court has abused its discretion in failing to rule on relator's motion. We **DENY** the petition.

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

150020F.P05