**REVERSE and REMAND, and Opinion Filed January 14, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-13-00990-CV

**JEANNIE MCKELVY, Appellant**

**V.**

**COLUMBIA MEDICAL CENTER OF MCKINNEY SUBSIDIARY, L.P.,
D/B/A MCKINNEY MEDICAL CENTER, Appellee**

**On Appeal from the 380th Judicial District Court
Collin County, Texas
Trial Court Cause No. 380-04187-2011**

## OPINION

Before Justices Bridges, Lang, and Lang-Miers
Opinion by Justice Lang-Miers

After she sustained injuries from a slip and fall at work, appellant Jeannie McKelvy filed a negligence claim against her employer, Columbia Medical Center of McKinney Subsidiary, L.P., d/b/a McKinney Medical Center (the Hospital). The Hospital moved to dismiss McKelvy's claims under the Texas Medical Liability Act for failure to file an expert report. The trial court granted the Hospital's motion and dismissed McKelvy's claims. On appeal McKelvy argues that the trial court erred by dismissing her suit because her claims against the hospital are not health care liability claims subject to Chapter 74. We reverse and remand for further proceedings.

## BACKGROUND

McKelvy, a Hospital employee, slipped and fell in the Hospital's lab due to a leaking piece of lab equipment.[1] McKelvy filed suit against the Hospital alleging nonsubscriber negligence claims.[2] More specifically, McKelvy alleged that the Hospital was negligent because it failed to provide (1) proper equipment and training, (2) adequate assistance and supervision, and (3) a safe place to work. Fourteen months later, and shortly after the Texas Supreme Court's decision in *Texas West Oaks Hospital v. Williams*, 371 S.W.3d 171 (Tex. 2012), the Hospital filed a motion to dismiss McKelvy's claim pursuant to Chapter 74 of the Texas Civil Practices and Remedies Code. Relying almost exclusively on *Texas West Oaks*, the Hospital argued that McKelvy's claims constitute health care liability claims and that dismissal was mandatory because McKelvy did not timely file an expert report as required by section 74.351(a). In response, McKelvy argued that her claims are not health care liability claims, and that *Texas West Oaks* is distinguishable. After a hearing, the trial court granted the Hospital's motion. This appeal followed.

## ISSUE ON APPEAL

In her sole issue on appeal McKelvy argues that her claim is an ordinary negligence claim, not a health care liability claim, and that the trial court erred when it dismissed her case for failure to file a Chapter 74 expert report. Whether a claim is a health care liability claim is a question of law we review de novo. *See Bioderm Skin Care, LLC v. Sok*, 426 S.W.3d 753, 757 (Tex. 2014). To answer this question we focus on the underlying nature of the cause of action

---

[1] In her petition McKelvy alleged only that she "sustained serious and permanent injuries while doing her job." Then in response to the Hospital's motion to dismiss McKelvy explained that her claims "principally arise from a leaking piece of lab equipment, which was a hazard to her working conditions, though not to the patients." According to the Hospital's appellee's brief, McKelvy was "doing work in a medical laboratory at the Hospital at the time of the claimed injury."

[2] McKelvy's petition states, "[The Hospital] is not a subscriber to a policy of workers compensation insurance, and thus [McKelvy] brings this suit for damages under the provisions of Section 406.033 of the Texas Labor Code for personal injuries while in the course and scope of her employment with [the Hospital]."

and are not bound by the pleadings. *Id.* at 758; *see also Tex. W. Oaks*, 371 S.W.3d at 176 ("In seeking to distinguish ordinary negligence claims from [health care liability claims], the heart of these cases lies in the nature of the acts or omissions causing claimants' injuries and whether the events are within the ambit of the legislated scope of the [Texas Medical Liability Act].").

Chapter 74 defines a "health care liability claim" as:

[A] cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care, which proximately results in injury to or death of a claimant, whether the claimant's claim or cause of action sounds in tort or contract.

TEX. CIV. PRAC. & REM.CODE ANN. § 74.001(a)(13) (West Supp. 2014). The Hospital argues that McKelvy's negligence claim fits the definition of a health care liability claim because she alleges departures from accepted standards of "safety" and "health care."

The Hospital relies primarily on *Texas West Oaks* to support its position that McKelvy has alleged a breach of accepted standards of safety. In *Texas West Oaks*, the supreme court explained that a claim against a health care provider or physician involving a departure from accepted standards of safety need not be directly related to health care in order to constitute a health care liability claim. *Tex. W. Oaks*, 371 S.W.3d at 186. More specifically, the court determined that the phrase "directly related to health care" in section 74.001(a)(13) does not modify the word "safety." But as we explained in *Baylor University Medical Center v. Lawton*, 442 S.W.3d 483, 486 (Tex. App.—Dallas 2013, pet. filed), we do not interpret *Texas West Oaks* to mean that all safety claims that occur in a health care setting are health care liability claims. Instead, we have concluded that a safety claim must have some indirect, reasonable relationship to health care in order to constitute a health care liability claim. *Lawton,* 442 S.W.3d at 486.[3]

---

[3] There is currently a split among Texas's intermediate courts of appeal about whether a non-patient's claim based upon alleged departures from accepted standards of safety must have an indirect relationship to health care in order to constitute a health care liability claim. *See, e.g.,*

In this case it is undisputed that McKelvy's injuries arose when she slipped in the Hospital's laboratory due to a leaking piece of lab equipment. The fact that McKelvy's injury involved lab equipment, however, does not mean there is an indirect relationship between her claims and the provision of health care. A hazardous floor resulting from leaking lab equipment could occur outside the health care setting and is not related to health care merely because it is in a hospital. As our sister court recently explained in another case involving a similar injury, "'[l]ab equipment' is a broad term that can apply to a wide range of equipment used in a variety of educational and commercial settings, both inside and outside of the health care field (e.g., classrooms, research facilities)." *Williams v. Riverside Gen. Hosp.*, No. 01-13-00335-CV, 2014 WL 4259889, at *7 (Tex. App.—Houston [1st Dist.] Aug. 28, 2014, no pet.) (mem. op.). In this case McKelvy alleged that the equipment at issue was a danger to her but not to patients, and the hospital did not dispute that allegation. Based on the record in this case we conclude that McKelvy's claims do not have even an indirect relationship to the provision of health care. Consequently, McKelvy's claims are not the type of claim concerning departures from accepted standards of safety that are subject to Chapter 74. *See id.* (employee's claims arising from "leaky piece of lab equipment" were completely untethered from provision of health care and did not constitute health care liability claims).

In the alternative, the Hospital argues that McKelvy alleges departures from accepted standards of health care because she complains about a lack of proper training, staffing, equipment, and supervision, which are "integral aspects of a health care provider's provision of health care." A claim arising under the health care prong of section 74.001(a)(13), however, must involve a patient–physician relationship. *Tex. W. Oaks Hosp.*, 371 S.W.3d at 180–81. In

---

*Columbia Med. Ctr. of Denton Subsidiary, LP v. Braudrick*, 02-13-00399-CV, 2014 WL 2144877, at *2 (Tex. App.—Fort Worth May 22, 2014, pet. filed) (mem. op.) (listing cases).

*Texas West Oaks*, for example, the plaintiff, a hospital employee, was assaulted by a patient while acting on orders from a physician as to that patient's care and treatment. The plaintiff also alleged that the hospital's safety protocols for patients "departed from accepted standards of care and caused his injury." *Id.* at 181. In this case McKelvy does not allege that she was injured while acting on orders from a physician as to a patient's care and treatment, nor does she complain about the hospital's safety protocols for patients. In short, unlike the employee's claim in *Texas West Oaks*, McKelvy's claim does not involve a patient–physician relationship. As a result, it does not arise under the health care prong of section 74.001(a)(13).

## CONCLUSION

We conclude that McKelvy's claims do not fall within the safety or the health care prongs of section 74.001(13). As a result, they are not health care liability claims and the trial court erred when it dismissed McKelvy's claims for failure to file an expert report. We reverse the trial court's order granting the Hospital's motion to dismiss and remand this case for further proceedings consistent with this opinion.


/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE


130990F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JEANNIE MCKELVY, Appellant

No. 05-13-00990-CV        V.

COLUMBIA MEDICAL CENTER OF
MCKINNEY SUBSIDIARY, L.P., D/B/A
MCKINNEY MEDICAL CENTER,
Appellee

On Appeal from the 380th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 380-04187-2011.
Opinion delivered by Justice Lang-Miers.
Justices Bridges and Lang participating.

In accordance with this Court's opinion of this date, the trial court's order signed November 14, 2013, granting the motion to dismiss filed by appellee Columbia Medical Center of McKinney Subsidiary, L.P., d/b/a/ McKinney Medical Center is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellant Jeannie McKelvy recover her costs of this appeal from appellee Columbia Medical Center of McKinney Subsidiary, L.P., d/b/a/ McKinney Medical Center.

Judgment entered this 14th day of January, 2015.