**AFFIRMED; Opinion Filed January 22, 2015.**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-14-00665-CV

**TEXAS HEALTH PRESBYTERIAN HOSPITAL DALLAS, Appellant**
**V.**
**DENA BURCH, Appellee**

**On Appeal from the County Court at Law No. 4**
**Dallas County, Texas**
**Trial Court Cause No. CC-13-06083-D**

## MEMORANDUM OPINION

Before Justices Evans, Brown, and Schenck[1]
Opinion by Justice Evans

This is an interlocutory appeal from the trial court's order denying Texas Health Presbyterian Hospital Dallas's motion to dismiss Dena Burch's claim. Texas Health contends that the trial court erred by: (1) concluding that Burch's claim against Texas Health is not a health care liability claim under section 74.351(b) of the Texas Civil Practice & Remedies Code and (2) denying Texas Health's motion to dismiss Burch's claim based on her failure to timely file an expert report. Because we conclude, as the trial court did, that Burch's claim is not a health care liability claim subject to the expert report requirement, we affirm the trial court's order.

---

[1] Justice Michael O'Neill was a member of the original panel and participated in the submission of this case; however, he did not participate in this opinion. Justice David Schenck has reviewed the record and the briefs in this case. *See* TEX. R. APP. P. 41.1(a).

## BACKGROUND

Burch alleges that in November 2011, she visited her mother at Texas Health's hospital. Burch claims that after she finished her lunch en route to the elevators she slipped on a puddle of water on the floor and fell injuring her neck, back, wrist, knee, foot, pelvis, and ribs. Burch filed suit to recover for her injuries. Texas Health filed a motion to dismiss asserting that Burch's claim was a health care liability claim governed by chapter 74 of the Texas Civil Practice & Remedies Code and that Burch failed to comply with the chapter's requirements when she did not serve an expert report on Texas Health within the statute's 120-day deadline. The trial court denied Texas Health's motion to dismiss and Texas Health perfected this appeal.

## ANALYSIS

Texas Health asserts that the trial court erred in failing to dismiss Burch's claim under section 74.351 of the Texas Civil Practice & Remedies Code. Specifically, Texas Health argues that Burch's claim involves the safety component of a health care liability claim thus making her suit subject to the requirements of chapter 74. One such requirement is that a claimant must serve an expert report in support of a health care liability claim no later than 120 days after the original answer was filed or the claim must be dismissed with prejudice. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351 (West. Supp. 2014). The resolution of this issue depends on whether Burch's claim is a health care liability claim as defined by chapter 74 of the Texas Civil Practice and Remedies Code. Whether a cause of action is a health care liability claim is a question of law which we review de novo. *See Sherman v. HealthSouth Specialty Hosp., Inc.,* 397 S.W.3d 869, 872 (Tex. App.—Dallas 2013, pet. denied).

Under the Texas Civil Practice & Remedies Code, a "health care liability claim" is defined as:

> a cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or

–2–

health care, or safety or professional or administrative services directly related to health care, which proximately results in injury or death of a claimant, whether the claimant's claim or cause of action sounds in tort or contract.

*See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.001(a)(13) (West. Supp. 2014). Texas Health relies on the supreme court's opinion in *Texas West Oaks Hospital, LP v. Williams* for the proposition that, although Burch's claim is unrelated to any health care provided to Burch, a claim against a health care provider or physician involving a departure from accepted standards of safety need not be directly related to the provision of health care. 371 S.W.3d 171, 186 (Tex. 2012). In *Williams*, the claimant—a psychiatric technician and professional caregiver at Texas West Oaks Hospital—alleged that the hospital failed to provide a safe workplace because it did not properly train him to work with potentially violent psychiatric patients. *Id.* at 192–93. After a physical altercation occurred with the patient, Williams asserted claims of negligence against his employer, the hospital. *Id.* at 175. The Texas Supreme Court concluded that the claims against the hospital constituted health care liability claims and required an expert report.

Subsequent opinions by this court have interpreted *Williams* to stand for the proposition that although a safety claim under Chapter 74 need not be directly related to health care, a safety claim can neither be completely unrelated to health care. *See Baylor Univ. Med. Ctr. v. Lawton*, 442 S.W.3d 483, 487 (Tex. App.—Dallas 2013, pet. filed) ("Although a safety claim under Chapter 74 need not be 'directly related to health care,' the converse—that a safety claim falls within the ambit of Chapter 74 even when it is completely untethered from health care—is not the way we or the *Twilley* Court understood the *Williams* holding. In *Williams,* the safety claim was indirectly related to health care."); *Methodist Hosps. of Dallas v. Garcia*, No. 05-13-01307-CV, 2014 WL 2003121 (Tex. App.—Dallas May 14, 2014, no pet.) (no health care liability claim where claimant was at hospital visiting her daughter and suffered injuries when an elevator fell from second floor to first floor); *DHS Mgmt. Serv., Inc. v. Castro,* 435 S.W.3d 919 (Tex.

App.—Dallas 2014, no pet.) (no health care liability claim when driver of a van containing imaging equipment struck another car causing injuries during morning commute); *Methodist Hosps. of Dallas v. Searcy*, No. 05-14-00375-CV, 2014 WL 5804193 (Tex. App.—Dallas Nov. 10, 2014, no pet.) (no health care liability claim where claimant was at hospital visiting her daughter and suffered injuries when she slipped and fell on a wet floor); *McKelvy v. Columbia Med. Ctr. of McKinney Subsidiary, L.P.*, No. 05-13-00990-CV, 2015 WL 169656 (Tex. App.—Dallas Jan. 14, 2015, no pet. h.) (no health care liability claim when employee filed claims against hospital for a slip and fall due to a leaking piece of lab equipment).

In this case, Burch's claim is not related directly or indirectly to health care or to any provision of health care. To the contrary, Burch simply alleged in this case that she slipped and fell on a puddle of water near the elevators where she ate lunch during a visit to her mother at Texas Health's hospital. Burch makes a claim only for herself and does make a claim derivative of any care or treatment provided to her mother. This Court has previously held on numerous occasions that the mere fact that the alleged injuries occurred at a hospital is insufficient to transform a negligence claim into a health care liability claim. *See DHS Mgmt. Serv., Inc.,* 435 S.W.3d at 922; *Methodist Hosps. of Dallas*, 2014 WL 2003121, at *2; *Baylor Univ. Med. Ctr.*, 442 S.W.3d at 487. It has been our consistent position that although a safety claim need not have a direct relationship with health care, an indirect relationship with health care is required. *See id.* Accordingly, we resolve Texas Health's issue against it.

## CONCLUSION

We resolve Texas Health's issue against it and affirm the trial court's judgment.


140665F.P05

<u>/ David Evans/</u>
DAVID EVANS
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

TEXAS HEALTH PRESBYTERIAN
HOSPITAL DALLAS, Appellant

No. 05-14-00665-CV      V.

DENA BURCH, Appellee

On Appeal from the County Court at Law
No. 4, Dallas County, Texas
Trial Court Cause No. CC-13-06083-D.
Opinion delivered by Justice Evans.
Justices Brown and Schenck participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee DENA BURCH recover her costs of this appeal from appellant TEXAS HEALTH PRESBYTERIAN HOSPITAL DALLAS.

Judgment entered this 22nd day of January, 2015.