**AFFIRMED; Opinion Filed April 8, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00664-CV

**MEDICAL CITY DALLAS HOSPITAL, INC. AND COLUMBIA HOSPITAL AT
MEDICAL CITY DALLAS SUBSIDIARY, L.P., Appellants
V.
ARDELL WILLIAMS, Appellee**

**On Appeal from the County Court at Law No. 1
Dallas County, Texas
Trial Court Cause No. CC-13-04209-A**

## MEMORANDUM OPINION

Before Justices Fillmore, Stoddart, and Whitehill
Opinion by Justice Stoddart

This case presents an interlocutory appeal from a trial court's order denying a motion to dismiss filed by Medical City Dallas Hospital, Inc. and Columbia Hospital at Medical City Dallas Subsidiary, L.P. (collectively, Hospitals). Hospitals contend the trial court erred by concluding the claim by Ardell Williams against them is not a health care liability claim under section 74.351 of the civil practice and remedies code and denying Hospitals' motion to dismiss based on Williams's failure to tender an expert report. Because we conclude Williams's claim is not a health care liability claim subject to the expert report requirement, we affirm the trial court's order.

In her second amended petition, Williams alleges she visited a relative at Medical City and, as she exited an elevator door, she slipped on a puddle of water. She claims she fell on to the floor and suffered injuries. Williams sued Hospitals for negligence.

Hospitals filed a motion to dismiss asserting that Williams's claim was a health care liability claim governed by chapter 74 of the Texas Civil Practice & Remedies Code and that Williams failed to comply with the chapter's requirements when she did not serve an expert report on Hospitals within the statute's 120–day deadline. *See* TEX. CIV. PRAC. & REM. CODE. ANN. § 74.351(a) (West. Supp. 2014). The trial court denied Hospitals' motion to dismiss and Hospitals perfected this appeal.

In a health care liability claim, chapter 74 requires a claimant to serve one or more expert reports. *Id.* Chapter 74 defines a "health care liability claim" as:

> [A] cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care, which proximately results in injury to or death of a claimant, whether the claimant's claim or cause of action sounds in tort or contract.

*Id.* § 74.001(a)(13) (West Supp. 2014). Hospitals argue Williams's claim is a health care liability claim because she alleges Hospitals failed to keep the premises safe and, therefore, Williams has alleged a "safety" claim within the scope of chapter 74.

This Court previously addressed the arguments advanced by Hospitals in two cases with facts nearly identical to those in the case now before us. *See Tex. Health Presbyterian Hosp. Dallas v. Burch*, No. 05-14-00665-CV, 2015 WL 273119 (Tex. App.—Dallas Jan. 22, 2015, no pet.) (mem. op.); *Methodist Hosps. of Dallas v. Searcy*, No. 05–14–00375–CV, 2014 WL 5804193 (Tex. App.—Dallas Nov. 10, 2014, no pet.) (mem. op). Burch sued Texas Health after she allegedly slipped on a puddle of water near elevators when she visited the hospital. Arguing Burch failed to comply with chapter 74, Texas Health advanced the same arguments that

–2–

Hospitals make in this appeal. After analyzing chapter 74 and recent jurisprudence interpreting the statute, this Court concluded:

> In this case, Burch's claim is not related directly or indirectly to health care or to any provision of health care. To the contrary, Burch simply alleged in this case that she slipped and fell on a puddle of water near the elevators where she ate lunch during a visit to her mother at Texas Health's hospital. Burch makes a claim only for herself and does not make a claim derivative of any care or treatment provided to her mother. This Court has previously held on numerous occasions that the mere fact that the alleged injuries occurred at a hospital is insufficient to transform a negligence claim into a health care liability claim. . . . It has been our consistent position that although a safety claim need not have a direct relationship with health care, an indirect relationship with health care is required . . .

*Burch*, 2015 WL 273119, at *2 (citing *See DHS Mgmt. Serv., Inc. v. Castro*, 435 S.W.3d 919, 922 (Tex. App.—Dallas 2014, no pet.); *Searcy*, 2014 WL 5804193, at *2; *Baylor Univ. Med. Ctr. v. Lawton*, 442 S.W.3d 483, 487 (Tex. App.—Dallas 2013, pet. filed)).

Similarly, when Searcy visited her daughter at the hospital, she allegedly slipped and fell on a wet floor. Searcy sued the hospital for negligence. This Court rejected the Hospital's claim it was entitled to a dismissal because Searcy failed to serve expert reports in compliance chapter 74. We concluded:

> Nothing in the record shows Searcy's claim has even an indirect relationship to health care. Searcy was visiting her daughter, who was a patient at the hospital, when she allegedly slipped and fell on a wet floor. Her claim is completely untethered from health care; consequently, it is not subject to Chapter 74.

*Searcy*, 2014 WL 5804193, at *2 (internal citations omitted).

As in *Burch* and *Searcy*, Williams alleged she slipped on a puddle of water while visiting a relative who was a patient at a hospital. She makes a claim only for herself and does not make a claim derivative of any care or treatment provided to her relative. The mere fact her alleged injuries occurred at a hospital is insufficient to transform her negligence claim into a health care liability claim. *See Burch*, 2015 WL 273119, at *2; *Searcy*, 2014 WL 5804193, at *2; *see also*

*McKelvy v. Columbia Med. Ctr. of McKinney Subsidiary, L.P.*, No. 05-13-00990-CV, 2015 WL 169656 (Tex. App.—Dallas Jan. 14, 2015, pet. filed).  We overrule Hospitals' sole issue.

We affirm the trial court's order denying Hospitals' motion to dismiss.


140664F.P05

/Craig Stoddart/

CRAIG STODDART
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MEDICAL CITY DALLAS HOSPITAL, INC. AND COLUMBIA HOSPITAL AT MEDICAL CITY DALLAS SUBSIDIARY, L.P., Appellants

No. 05-14-00664-CV    V.

ARDELL WILLIAMS, Appellee

On Appeal from the County Court at Law No. 1, Dallas County, Texas
Trial Court Cause No. CC-13-04209-A.
Opinion delivered by Justice Stoddart.
Justices Fillmore and Whitehill participating.

In accordance with this Court's opinion of this date, the trial court's order denying appellants' motion to dismiss is **AFFIRMED**.

It is **ORDERED** that appellee Ardell Williams recover her costs of this appeal from appellants Medical City Dallas Hospital, Inc. and Columbia Hospital at Medical City Dallas Subsidiary, L.P.

Judgment entered this 8th day of April, 2015.